# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GONZALO R. GONZALES,<br><br>Petitioner,<br><br>vs.<br><br>R.J. SUBIA, Warden,<br><br>Respondent. | Case No. 2:07-cv-2355-MSB<br><br>**ORDER** |

This case was reassigned to the undersigned judge. (Dkt. #21). Petitioner Gonzalo R. Gonzales, who is a state prisoner at California's Mule Creek State Prison, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. #1). The Court denied the petition on July 7, 2010. (Dkt. # 36). Gonzales filed a notice of appeal on July 14, 2010. (Dkt # 38). On August 9, 2010, Gonzales moved to stay the Court's judgment, (Dkt. # 39), and for a Certificate of Appealability ("COA") (Dkt. # 40). For the following reasons, the Court denies the motion for stay and grants in part and denies in part the motion for a COA.

A COA may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Gonzales has failed to make a substantial showing that his claims concerning the California Board of Parole Hearings's adherence to state law and due process amounted to a "denial of his constitutional rights" or to demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citations omitted). Consequently, Gonzales is not entitled to a COA on these claims.

However, Gonzales has shown that "reasonable jurists could debate" whether the Board's decision rejecting parole was "an 'unreasonable application' of the California 'some evidence' requirement, or was 'based on an unreasonable determination of the facts in light of the evidence.'" *Pearson v. Muntz*, 606 F.3d 606, 608 (9th Cir. 2010) (quoting *Hayward v. Marshall*, 603 F.3d 546, 562–63 (9th Cir. 2010) (en banc)). Accordingly, the Court grants Gonzales's motion for a COA on his *Hayward* claim.

Gonzales has not shown that staying the Court's judgment is necessary to maintain the status quo in this case. *See Nken v. Holder*, 129 S. Ct. 1749, 1758 (2009) ("A stay 'simply suspend[s] judicial alteration of the status quo.'") (citation omitted, alteration in original). Regardless of whether the Court's judgment is stayed, Gonzales would remain in prison. Accordingly, there is simply no need for a stay of the judgment, and Gonzales's motion is therefore denied.

**Accordingly,**

**IT IS HEREBY ORDERED** that Petitioner's motion to stay the judgment (Dkt. # 39) is denied.

**IT IS FURTHER ORDERED** that Petitioner's request for a Certificate of Appealability (Dkt. # 40) is **GRANTED IN PART** and **DENIED IN PART**.

1. Petitioner's Motion is **GRANTED** regarding his *Hayward* claim regarding whether the "some evidence" standard was met.
2. Petitioner's Motion is **DENIED** regarding his other claims.

DATED this 21st day of October, 2010.

/s/ Marsha S. Berzon
MARSHA S. BERZON
United States Circuit Judge, sitting by designation